UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | No. 17 CR 639-1 |
| SAMIR FAKHOURI | Judge Thomas M. Durkin |

**MEMORANDUM ORDER AND OPINION**

Defendant Samir Fakhouri filed a motion for compassionate release under 18 U.S.C. § 3582, or, in the alternative, a reduction of his sentence that includes home confinement as a condition of supervised release. R. 122. On December 28, 2020, the Court denied Mr. Fakhouri's motion. R. 129. Mr. Fakhouri has now filed a motion for reconsideration. R. 132. For the following reasons, Mr. Fakhouri's motion is denied.

**Background**

As explained in the Court's prior order, Mr. Fakhouri pled guilty to involvement in a conspiracy to possess with intent to distribute 800 grams of heroin. R. 97. On March 3, 2020, the Court sentenced Mr. Fakhouri to 30 months' imprisonment and 18 months of supervised release. R. 114. Mr. Fakhouri self-surrendered on June 16, 2020, *see* R. 122-2, and his projected release date is July 25, 2022. He is currently housed at the Satellite Camp of the Administrative United States Penitentiary in Thomson, Illinois.

The Court previously denied Mr. Fakhouri's motion for compassionate release after concluding that even though Mr. Fakhouri's weight constituted "extraordinary

1

and compelling" circumstances, the factors set forth in 18 U.S.C. § 3553(a) counseled against a reduction in his sentence.[1] In his motion to reconsider, Mr. Fakhouri, proceeding *pro se*, argues that the Court should have found that other conditions, besides his weight, create "extraordinary and compelling" circumstances justifying his early release, and that the Section 3553(a) factors compel a sentence reduction.

## Standard

As stated in the previous order, under 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a term of imprisonment upon a motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the BOP filing a motion on the defendant's behalf. In determining whether a sentence reduction under § 3582 is appropriate, courts consider: (1) the factors set forth in 18 U.S.C. § 3553(a); (2) whether "extraordinary and compelling reasons" warrant a reduction in sentence; and (3) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In determining what constitutes an "extraordinary and compelling" reason to modify a person's sentence, courts consider the guidance contained in the U.S. Sentencing Guidelines Manual at U.S.S.G. § 1B1.13. The Application Notes describe

---

[1] Because Mr. Fakhouri's medical records showed that he was obese as of October 2020, and because the Court did not know whether he had been weighed since that time, the Court assumed without deciding that Mr. Fakhouri was obese and that his obesity demonstrated that there was an extraordinary and compelling reason supporting his release. *See* R. 129 at 8.

"extraordinary and compelling" reasons as including medical conditions, age, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The notes also include the following catch-all provision: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. cmt. n.1(d). The Seventh Circuit held in *United States v. Gunn* that the Sentencing Commission's policy statement on what constitutes an extraordinary and compelling reason for compassionate release does not apply to prisoner-initiated motions. 980 F.3d 1178, 1180 (7th Cir. 2020). But the court also noted that "substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'" *Id*. The court continued that a "judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused." *Id*. Accordingly, the Sentencing Commission's analysis remains instructive here.

**Analysis**

A court may reconsider a prior decision when "there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). None of those circumstances are present here. The Court therefore reaches the same conclusion as before: even though there are "extraordinary and

3

compelling" circumstances justifying Mr. Fakhouri's early release, the factors set forth in Section 3553(a) counsel against it.

***"Extraordinary and compelling" circumstances:*** Mr. Fakhouri argues that in addition to his obesity, his labored breathing and moderate asthma also place him at an increased risk of becoming seriously ill if he contracts COVID-19. But as the Court previously noted, Mr. Fakhouri's BOP medical records show that a provider in October 2020 found his lungs to be "clear," that he did not have "labored breathing," and that an inhaler was not "medically indicated at this time." R. 129 at 4 (citing R. 125 at 3-4). Furthermore, Mr. Fakhouri's updated medical records show that a provider reported as recently as February 3, 2021 that Mr. Fakhouri's "[l]ung sounds are clear throughout" and that there were "[n]o signs of respiratory distress." R. 135 at 5. In any event, CDC guidelines do not identify moderate asthma as a condition that increases the risk of severe illness due to COVID-19.[2] And while Mr. Fakhouri argues that "the great majority of recent peer reviewed medical opinion[s] point[] to a contrary conclusion," he fails to cite a particular study or explain why the Court should discount the CDC's judgment.

Mr. Fakhouri also seeks to distinguish two cases cited in the asthma discussion of the Court's previous order, *United States v. Forrest*, 2020 WL 5110473 (N.D. Ill. Aug. 31, 2020) and *United States v. Council*, 2020 WL 3097461 (N.D. Ind., June 11,

---

[2] CDC guidelines provide that people with moderate to severe asthma "might" be at an increased risk for severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 22, 2021).

4

2020). He argues that those cases are inapposite because the inmates there were younger than him and did not suffer from as many medical conditions. However, neither *Forrest* nor *Council* change the conclusion that Mr. Fakhouri has failed to point to any medical records indicating that a provider has said that he currently has asthma.

Mr. Fakhouri argues next that the presence of COVID-19 at USP Thomson justifies his early release. He claims that social distancing is difficult at the prison and Satellite Camp, that officers may be transmitting COVID-19 from one facility to the other, and that a "tremendously high number" of inmates are infected with the virus. But as of this writing, only one inmate at USP Thomson has an active case of COVID-19, which is significantly fewer than the nearly 26 inmates who had active cases when the Court initially denied Mr. Fakhouri's motion in late December.[3] The Court recognizes that COVID-19 is still present at USP Thomson even if the number of active cases has dramatically decreased, and the Court certainly sympathizes with Mr. Fakhouri's general concern that he may contract the virus. But as previously explained, the mere existence of the pandemic in the country generally, or in a particular correctional facility, does not constitute an "extraordinary and compelling reason" to reduce a sentence. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d

---

[3] The Court does not know how many inmates at the Satellite Camp currently have COVID-19. When the Court denied Mr. Fakhouri's motion for compassionate release in late December, the associate warden of the prison had represented to the Government that one inmate at the Satellite Camp and two inmates inside the special housing unit had tested positive for the virus. *See* R. 129 at 2. Mr. Fakhouri's motion for reconsideration does not assert that there has been an outbreak of active cases at the Satellite Camp specifically.

Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Capo*, 2020 WL 5994500, at *1 (N.D. Ill. Oct. 9, 2020); *United States v. Miller*, 2020 WL 2093370, at *2 (C.D. Ill. May 1, 2020).

Finally, Mr. Fakhouri claims that blood pressure readings taken after the Court dismissed his previous motion show that he suffers from high blood pressure. Mr. Fakhouri's updated medical records bear that out—his blood pressure readings from January and February were elevated. R. 135 at 61. Mr. Fakhouri's medical records also show that a provider observed him in early February and found his heart rate and rhythm to be normal but still diagnosed him with "hypertensive heart disease without heart failure." *Id.* at 5. The provider prescribed blood pressure medicine and ordered additional lab work. *Id.* at 6.

In light of these recent developments, the Court acknowledges that Mr. Fakhouri likely suffers from high blood pressure. Even so, the CDC has not identified high blood pressure as a COVID-19 risk factor. Instead, the CDC has stated that, based on limited data and information, a person who has hypertension only "might be at an increased risk for severe illness from the virus that causes COVID-19."[4] Furthermore, to the extent Mr. Fakhouri's high blood pressure is concerning, his medical records show that he is being monitored and receiving medical care. And importantly, the Court already found that Mr. Fakhouri's obesity is a risk factor that

---

[4] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 22, 2021)

supports a reduction in his sentence. Mr. Fakhouri's high blood pressure, combined with his weight problems, may make the circumstances slightly more "extraordinary and compelling" than before, but as stated, for the Court to reduce his sentence, the Section 3553(a) factors must lean in his favor as well. *See* 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons stated below, they do not.

*Section 3553(a) factors*: Mr. Fakhouri largely repeats the same arguments he advanced at sentencing and in his motion for compassionate release. He argues first that by not releasing him early, the Court is effectively penalizing him for having a sentence below the Guidelines. Not so. As explained in the previous order, Mr. Fakhouri was charged with an offense that carried a potential statutory mandatory minimum sentence of five years' imprisonment. R. 97 ¶ 7(a). He was eligible for safety valve relief, and the parties agreed that the Court had discretion to impose a sentence within the advisory Guideline range of 46 to 57 months instead of the five-year mandatory minimum. Ultimately, the Court sentenced Mr. Fakhouri to 30 months' imprisonment—far below what he could have received—and he has only served a fraction of his sentence to date. Nothing but the passage of time has changed since the Court's previous order. Further reducing Mr. Fakhouri's sentence would deemphasize the serious nature of his crime.

Mr. Fakhouri argues next that releasing him early would not diminish the deterrent effect of his sentence because he played a relatively minor role in the charged offense. But the Court already concluded at sentencing that even if Mr. Fakhouri was not a leading figure in the drug conspiracy, he was still involved in

7

conspiring to distribute 800 grams of heroin—an amount that is not insignificant. Moreover, the Court noted in its previous order that releasing an inmate who conspired to distribute 800 grams of heroin and who has served a small portion of his sentence would send the wrong message to the community.

Mr. Fakhouri's final argument is that the recidivism factor leans in his favor because his actions were out-of-character and because he is older than other offenders. As the Court explained at sentencing, Mr. Fakhouri was 53 years old when he was arrested, so his argument that he is too old to recidivate would be more persuasive if he committed the crime when he was younger. And even if the Court credited Mr. Fakhouri's argument now, the Court must consider the other Section 3553(a) factors as well. On balance, the factors counsel against Mr. Fakhouri's early release for the reasons the Court previously explained.

The Court therefore denies Mr. Fakhouri's motion for reconsideration.

## Conclusion

Even if there are "extraordinary and compelling" reasons to justify Mr. Fakhouri's early release, the Section 3553(a) factors counsel against it. Accordingly, Mr. Fakhouri's motion for reconsideration, R. 132, is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: February 22, 2021